# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JEFFREY SEARS and BRITTNEY SEARS, parents of G.S., a minor,  * * * | No. 21-1651V |
| Petitioners,  * * | Special Master Christian J. Moran |
| v.  * * | Filed: July 18, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES,  * * * | |
| Respondent.  * | |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Ronald Craig Homer and Christina Ciampolillo</u>, Conway, Homer, P.C., Boston, MA, for petitioner;
<u>Rachelle Bishop</u>, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioners have requested a total of $37,145.88 in attorneys' fees and costs. The undersigned tentatively found that petitioners requested a reasonable amount except for one item. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Petitioners' attorney and attorney staff have requested hourly rates that are consistent with the rates previously awarded and/or reasonable. The number of hours is reasonable. Thus, the amount requested in attorneys' fees is reasonable.

With one exception, the amount requested in attorneys' costs is also reasonable. The problematic area concerns the work of petitioners' expert, dermatologist Michael Horan. Dr. Horan has charged $400 per hour for various tasks. Although Dr. Horan wrote one report (Exhibit 17), when called upon to respond to reports from the opposing party, Dr. Horan did not respond to communications from the attorneys who retained him. See, e.g., Pet'rs' Mot. for Enlargement of Time, filed Oct. 16, 2023. Dr. Horan's lack of responsiveness caused attorneys and their staff to charge a series of entries on their timesheets for repeated efforts to communicate with him. See entries beginning July 17, 2023. These charges would not have been incurred if Dr. Horan had responded earlier.

The person responsible for these excessive charges is Dr. Horan. Thus, Dr. Horan should bear the cost of these charges. The value of one hour of work is removed from his invoice.[2]

Petitioners are awarded $36,745.88. This amount shall be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Mathematically, either one hour could be removed from his invoice or his hourly rate could be reduced.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.